UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY D.[1],

       Plaintiff,

    v.                                                                    21-CV-124 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## DECISION AND ORDER

Plaintiff Timothy D. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title II Disability Insurance Benefits ("DIB") and his application for Title XVI Supplemental Security Income ("SSI"), both filed on May 29, 2019.[2]  Tr. 126-31, 222-28.[3]  Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ").  Tr. 132-41, 170-71.

Following the hearing, in which Plaintiff was represented by counsel, ALJ Michael J. Stacchini issued a decision finding that Plaintiff was not disabled.  Tr. 12-29.  Plaintiff's request for Appeals Council Review was denied, after which he commenced this action.  Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I.    District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729

---

[2] Plaintiff applied for both DIB and SSI.  To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).  SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).  The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 6 are hereby denoted "Tr. __."

F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial

gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(c). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2019, and that Plaintiff had not engaged in substantial gainful activity since his application date of January 1, 2015. Tr. 17. The ALJ also found that Plaintiff suffered from the following severe impairments: "degenerative disc disease of the lumbar spine, hernia, plantar fasciitis, hyperlipidemia, hypothyroidism, obesity, depression, bipolar disorder, amnesia, and anxiety." Tr. 18. The ALJ concluded, however, that Plaintiff's severe impairments

did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404,

Subpart P, Appendix 1.  Tr. 18.

Finally, after considering the entire record, the ALJ determined that Plaintiff

had the RFC to perform a reduced range of "light work" as defined in 20 C.F.R.

§§ 404.1567(b) and 416.967(b), with the following limitations:

> [Plaintiff] can sit, stand, and walk for six hours with regular
> scheduled breaks of 15 minutes in the morning and afternoon and
> half hour to one-hour midday.  He can occasionally climb ramps
> and stairs, but [he] can never climb ladders, ropes, or scaffolds.
> In addition, [Plaintiff] can occasionally balance, stoop, kneel,
> crouch, and crawl.  He must avoid unprotected heights and
> hazardous machinery.  Further, [Plaintiff] is able to understand,
> remember, and carry out simple routine tasks with regular
> breaks at two[-]hour intervals.  Lastly, [Plaintiff] can have
> occasional interaction with coworkers, supervisors, and the
> general public.

Tr. 20.

The ALJ found that Plaintiff had no past relevant work.  Tr. 24.  And he

concluded that Plaintiff was not disabled because Plaintiff's age, education, work

experience, and RFC allowed him to perform jobs that existed in significant

numbers in the national economy during the relevant period.  Tr. 24.  Therefore,

according to the ALJ, Plaintiff had not been under a disability between January 1,

2015, through the date of his decision, August 3, 2020.  Tr. 25.

## II.   Plaintiff's Argument

Plaintiff makes three arguments for judgment in his favor.  Dkt. 7-1.  First,

he argues that the ALJ failed to fully develop the record.  *Id.* at 15.  Second,

Plaintiff asserts that the ALJ failed to consider the opinion of his treating

physician, Harnath Clerk, M.D. *Id.* at 16. Lastly, Plaintiff claims that the ALJ's RFC determination was impermissibly based on his own lay opinion. *Id.* at 18. As discussed below, Plaintiff's arguments are without merit.

### III.   Analysis

#### A. The ALJ did not impermissibly rely on his own lay opinion in formulating Plaintiff's RFC.

Plaintiff argues that the ALJ impermissibly relied on his own lay opinion in crafting his RFC. *See* Dkt. 7-1, at 18.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). The ultimate RFC determination does not need to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. The ALJ is not a medical professional, however, and is therefore "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018).

In Plaintiff's case, the ALJ did not rely solely on bare medical findings to make his RFC determination. The ALJ considered Plaintiff's treatment records, noting his history of hernia, left heel pain, and obesity. *See* Tr. 21-22. The ALJ also properly evaluated and considered the opinions of: (1) State agency medical consultants J. Lawrence, M.D., and J. Koenig, M.D.; (2) State agency psychological consultants L. Kekeon, Ph.D., and J. May, Ph.D.; (3) consultative psychiatric examiner Christine Ransom, Ph.D.; and (4) consultative physical examiner Nikita

7

Dave, M.D. *See* Tr. 23-24; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (requiring an ALJ to always address the "supportability" and "consistency" of each medical opinion evaluated). Lastly, the ALJ considered Plaintiff's subjective statements and activities of daily living. *See, e.g.*, Tr. 22 ("At the hearing, the claimant testified that he continued to experience anxiety, depression, diminished memory, and difficulty with social interaction. The undersigned has accounted for the claimant's mental impairments and symptoms by limiting him to simple routine tasks with regular breaks . . . ."). The ALJ, therefore, did not make his RFC determination solely based on his own lay opinion. *See Angela H.-M. v. Comm'r of Soc. Sec.*, _ F. Supp. 3d _, No. 20-CV-06676, 2022 WL 4486320, at *7 (W.D.N.Y. Sept. 27, 2022) ("This is not a case where the ALJ disregarded well-supported medical opinions, or obtained no medical opinions, and fashioned an RFC from whole cloth. As explained above, the limitations included in the RFC are well-supported by the evidence, including the opinion evidence, in the record.").

### B. The ALJ did not fail to develop the record.

Plaintiff also argues that the ALJ failed in his duty to develop the record. *See* Dkt. 7-1, at 15-16. Plaintiff's counsel sent a letter to the ALJ on June 11, 2020, notifying him of a request to Dr. Clerk for a medical source statement. Tr. 294. Plaintiff's counsel reiterated to the ALJ during the hearing that they were still waiting for Dr. Clerk's statement. Tr. 43-44. The ALJ, however, decided to close the record, stating that "[r]egarding the medical source statements, I do appreciate that the statement requests were sent out, but since they have not responded, and I

8

cannot through a subpoena force them to actually fill out the statements . . . ." Tr. 44. According to Plaintiff, the ALJ was obligated to "hold the record open after the hearing to ensure that Dr. Clerk's medical source statement had adequate time to be received and considered" before rendering his decision. Dkt. 7-1, at 16. Plaintiff's argument fails for two reasons.

      1.  <u>The ALJ did not have an affirmative obligation to seek Dr. Clerk's statement.</u>

First, the ALJ did not have a duty to seek Dr. Clerk's statement. Due to the non-adversarial nature of a benefits proceeding, "the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996); *see* 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1). But the ALJ's duty is not limitless: "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information . . . ." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999); *accord Herman S. v. Comm'r of Soc. Sec.*, 57 F. Supp. 3d 190, 199 (W.D.N.Y. 2022). ALJ must develop a claimant's complete medical history before making a disability determination and, as a part of that process, must make "every reasonable effort" to assist the claimant in getting the necessary records from medical sources. 20 C.F.R. §§ 404.1512(b)(1)(i), 416.912(b)(1)(i). A claimant's "complete medical history" is comprised of the records from medical sources "covering at least the 12 months *preceding* the month in which" the claimant filed his application. 20 C.F.R. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii) (emphasis added).

Here, the ALJ did not have an affirmative obligation to seek Dr. Clerk's medical source statement because it was generated after Plaintiff's applications for DIB and SSI. *See* 20 C.F.R. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii). Although Dr. Clerk's statement is certainly favorable to Plaintiff's case, its absence did not create a clear evidentiary gap requiring the ALJ to seek its submission. *See Quinn v. Colvin*, 199 F. Supp. 3d 692, 709 (W.D.N.Y. 2016) (quoting *Brogan-Dawley v. Astrue*, 484 F. App'x 643, 634 (2d Cir. 2012)) ("[A]n ALJ is only required to recontact [a medical source] 'if the records received were inadequate . . . to determine whether [Plaintiff was] disabled.'") (internal quotation marks omitted). The ALJ already had Plaintiff's complete medical history, including treatment records from Dr. Clerk's office, at the time he made the disability determination. *See, e.g.*, Tr. 22 (discussing Plaintiff's history of obesity with citations to Dr. Clerk's treatment records); *see also* Tr. 306-13, 320-28, 351-60, 537-49 (portions of the record before the ALJ from Plaintiff's treatment with Dr. Clerk). As such, the ALJ was not obligated to seek Dr. Clerk's medical source statement.

2. <u>Plaintiff failed to submit Dr. Clerk's statement under the "five-day rule."</u>

Second, Plaintiff failed to submit Dr. Clerk's statement to the ALJ in accordance with the "five-day rule." *See DeGraff v. Comm'r of Soc. Sec.*, 850 F. App'x 130, 131 (2d Cir. 2021) (summary order). Under the five-day rule, parties must: (1) make "every effort to ensure" that the ALJ receives all necessary written evidence; and (2) submit to or inform the ALJ of any written evidence as required under sections 404.1512(a) and 416.912(a) at least five days before the scheduled

hearing date. 20 C.F.R. §§ 404.935(a), 416.1435(a). Otherwise, the ALJ "may decline to consider or obtain the evidence." *Id.* The ALJ must accept late evidence in a party's possession, however, if he has not issued a decision and the party's failure was because: (1) the action of the Commissioner misled the party; (2) the party "had a physical, mental, educational, or linguistic" limitation; or (3) there was some other "unusual, unexpected, or unavoidable circumstance" beyond the party's control. 20 C.F.R. §§ 404.935(b), 416.1435(b).

Although Plaintiff notified the ALJ of his request to Dr. Clerk for a medical source statement more than five days before the hearing, Plaintiff did not submit the statement until the day after the ALJ issued his decision.[4] The ALJ's decision is dated August 3, 2020. Tr. 25. The fax cover sheet of the transmission from Dr. Clerk's office and the e-file from Plaintiff's attorney are both dated August 4, 2020. Tr. 35-36. Even if the ALJ had left the record open until the day of his decision, he still would not have been able to consider Dr. Clerk's statement because Plaintiff did not make every effort to ensure that he received it.[5] *See Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 369 (W.D.N.Y. 2021) (quoting *Ashley S. v. Comm'r of*

---

[4] In his memorandum of law, Plaintiff claims that Dr. Clerk's statement "was received on or around July 28, 2020," but in the next sentence, he notes that the statement was dated July 29, 2020. Dkt. 7-1, at 16. Plaintiff also asserts that the ALJ issued his decision on July 29, 2020. *Id.* In the record before the Court, Dr. Clerk's statement is undated and the ALJ's decision is dated August 3, 2020. *See* Tr. 25, 34.

[5] Plaintiff also argues that the ALJ "failed to properly consider the opinion of treating source, Dr. Clerk." Dkt. 7-1, at 16. This argument is moot, however, because the ALJ did not receive the opinion before issuing his decision. *See* Tr. 25, 34-36.

*Soc. Sec.*, No. 19-CV-1033, 2021 WL 763725, at *4 (W.D.N.Y. Feb. 26, 2021))

(internal quotation marks omitted) (noting that an ALJ does not have to "hold open

the record for an infinite amount of time in the hope that he will receive certain

medical evidence, and it would completely erode the purpose of the five[-]day rule to

require an ALJ to accept late records without regard to whether a claimant

diligently attempted to submit the records in a timely manner.").

What is more, the cases interpreting sections 404.935 and 416.1435 suggest

that a claimant will fail to meet his burden under the five-day rule if he submits

evidence after the ALJ issues his decision and the evidence is not necessary for the

ALJ to make the disability determination. *See DeGraff v. Comm'r of Soc. Sec.*, 850

F. App'x 130, 131-32 (2d Cir. 2021) (summary order); *Vincent B. v. Comm'r of Soc.*

*Sec.*, 561 F. Supp. 3d 362, 369 (W.D.N.Y. 2021).

In this case, Plaintiff did not submit Dr. Clerk's statement until the day after

the ALJ issued his decision, and the statement was not necessary for the ALJ to

have Plaintiff's complete medical history. *See* Tr. 25, 35-36; 20 C.F.R.

§§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii).  Because Plaintiff failed to meet his burden

under the five-day rule imposed by sections 404.935 and 416.1435, it cannot be said

that the ALJ erred by closing the record at the time of the hearing and before he

received Dr. Clerk's statement.

### C. The Appeals Council did not improperly decline to review Plaintiff's case.

Although Plaintiff does not argue this point, there are instances in which it is

appropriate for a district court to remand a case for the consideration of evidence

that was not previously before the ALJ.  *See, e.g.*, 42 U.S.C. § 405(g) (noting that a reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .").  One such instance is where the Appeals Council improperly denies review after receiving evidence that causes the ALJ's decision to be unsupported by substantial evidence.  *See Lesterhuis v. Colvin*, 805 F.3d 83, 87-88 (2d Cir. 2015).

The Appeals Council will review a claimant's case if additional evidence is submitted that is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (2017); *accord Barbara W. v. Comm'r of Soc. Sec.*, 541 F. Supp. 3d 296, 301 (W.D.N.Y. 2021).  The Appeals Council, however, "will only consider additional evidence under paragraph (a)(5) of this section" if the claimant provides good cause for not submitting the evidence in accordance sections 404.935 and 416.1435.  20 C.F.R. §§ 404.970(b), 416.1470(b) (2017).

Dr. Clerk's medical source statement from July 2020 clearly undermines the ALJ's decision.  *See generally Zabala v. Astrue,* 595 F. 3d 402, 409 (2d Cir. 2010) (holding that an ALJ's erroneous refusal to consider evidence "ordinarily requires remand to the ALJ for consideration of the improperly excluded evidence, at least where the unconsidered evidence is significantly more favorable to the claimant

13

than the evidence considered."). For example, Dr. Clerk opined that Plaintiff can sit or stand for less than two hours total in an eight-hour work day, even with normal breaks, while the ALJ concluded that Plaintiff could sit, stand, and walk for six hours in an eight-hour work day "with regular scheduled breaks of 15 minutes in the morning and afternoon and half hour to one-hour midday." *See* Tr. 20, 32. The Appeals Council, in declining to review Plaintiff's case, did not exhibit Dr. Clerk's statement because it did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." Tr. 2. The Appeals Council did not improperly decline to exhibit Dr. Clerk's statement, however, because Plaintiff did not attempt to show good cause for his failure to submit the statement to the ALJ under sections 404.935 and 416.1435. *See* Tr. 219-22. Thus, it would be inappropriate for this Court to use its authority under 42 U.S.C. §§ 405(g) and 1383(c)(3) to remand Plaintiff's case to the ALJ for sole consideration of Dr. Clerk's statement.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7).  The Clerk of the Court will close this case.


SO ORDERED.

Dated:     January 26, 2023
            Buffalo, New York

            JOHN L. SINATRA, JR.
            UNITED STATES DISTRICT JUDGE